Wood v. Curran.

## WOOD v. CURRAN.

**Taxes:** PAID ON LAND IN DISPUTE : RECOVERY : STATUTE OF LIMITATIONS. In an action to recover taxes paid by plaintiff on land which was adjudged to belong to defendant, where it was alleged and admitted that the title had been in dispute between them, *held* that the statute of limitations did not begin to run against plaintiff until the dispute was settled, and that he was entitled to recover all the taxes paid by him and which defendant should have paid under his claim, though paid more than five years prior to the beginning of this action. (*Goodnow v. Stryker*, 62 Iowa, 224, and *Goodnow v. Litchfield*, 63 Iowa, 275, *followed.*)

*Appeal from Kossuth District Court.*—HON. LOT THOMAS, Judge.

FILED, JANUARY 21, 1881.

THIS is an action for reimbursement for taxes paid upon certain real estate which had been adjudged to be the property of the defendant. There was a trial by the court, and a judgment was rendered for the plaintiff for part of the amount claimed. The plaintiff appeals, and claims that the district court should have awarded him judgment for taxes paid in years prior to those for which allowance was made.

*W. B. Quarton* and *J. C. Cook*, for appellant.

*Geo. E. Clarke*, for appellee.

Wood v. Curran.

ROTHROCK, J.—The land upon which the taxes were paid was patented by the United States to one Williams on the tenth day of February, 1869, and the same was conveyed by him, through several successive grantors, down to the plaintiff. It thus appears that upon the face of the record the plaintiff was the absolute owner of the land. He and his grantors paid taxes thereon from the year 1871 to 1885, inclusive. The defendant made a homestead entry upon the land in 1865, and in the year 1877 he made final proof of his occupation and possession, and said proof was adjudged to be sufficient by the land department of the United States, and a final receipt was issued to him for all the fees required to be paid under the homestead laws. He has been in possession and actual occupancy of the land since his entry, and has at all times claimed title thereto. He commenced an action against the plaintiff to quiet his title, setting forth the facts, and claiming that he had been ten years in the open, notorious and adverse possession of the land, and that the plaintiff was thereby barred by the statute of limitations from asserting title. He also claimed that the entry under which plaintiff claims was a mistake, and that the entry was actually made upon another tract of land. There was a trial of that action, and a decree that the defendant herein was the owner of the land. That decree has not been reversed nor modified.

Among other defenses, the defendant pleaded in this action that all claim for taxes paid prior to April 8, 1881, is barred by the statute of limitations; that date being five years prior to the commencement of this suit. The contention of the plaintiff is that, as the title to the land was in dispute, the statute did not commence to run until the dispute was settled. This was the rule adopted by this court in the cases of *Goodnow v. Stryker*, 62 Iowa, 224; *Goodnow v. Litchfield*, 63 Iowa, 275, and other cases. Appellee contends that the evidence does not show that the parties were in dispute

about the title until the defendant commenced his action against the plaintiff to quiet his title.   We do not think that evidence of that fact was required to be produced by the plaintiff.   It is distinctly averred in the petition that from the date of the issuance of the patent to Williams up to the final decree, above referred to, the title to the land was in dispute between the plaintiff and the defendant, and the answer in the case admits said averment.   The only real question is whether the court should have disregarded the plea of the statute of limitations,   We think that, under the authority of the above-cited cases, it should have been held that the statute did not commence to run until the date of the decree quieting the title.   If this rule had been adopted, the defendant should have been required to repay all the taxes paid by plaintiff, which defendant would have been required to pay under his homestead entry.   He made his homestead proofs, and received his final receipts, in August, 1877.   He should have paid the taxes for 1878, and for all the years after that year.   The amount of these taxes is not in dispute.   They are shown by an agreed statement to be correctly stated in the plaintiff's petition.   The judgment will be modified by adding the following sums : $10.04, paid January 20, 1079 ; $7.68, paid December 2, 1879 ; and $9.18, paid January 8, 1881 ; and to these sums interest should be added at the rate of six per cent. per annum on the respective payments from the time they were made.

MODIFIED AND AFFIRMED.